UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUXUL TECHNOLOGY INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NECTARLUX, LLC, et al.,<br><br>    Defendants. | Case No. 5:14-cv-03656-LHK (HRL)<br><br>**INTERIM ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 73 |

In Discovery Dispute Joint Report No. 1, plaintiff Luxul Technology, Inc. ("Luxul") seeks an order compelling Nectarlux, LLC, JKeeney Consulting Inc., and James Keeney (collectively, "defendants") to provide better copies of e-mails produced in response to plaintiff's requests for production of documents. Defendants did produce copies, but plaintiff says some of them are missing "lines," and others are missing attachments. Plus, although it had been requested, no metadata was included. And, there may have been a problem with whether the material was in "reasonably useful form." The court is not told how many of the e-mails suffer these deficiencies (although, presumably, if metadata is missing, it is missing from all . . . whatever that number is).

Luxul says the missing information is really important. Not so, say defendants. According to them: The examples of missing attachments that plaintiff cited are not missing at all; and, plaintiff's assertion that it looks like these e-mails were printed out and then scanned prior to production (presumably, a no-no) is just flat wrong. Defendants say nothing about the missing

metadata and give only the sketchiest explanation of how its third party vendor went about searching for responsive e-mails. Defendants claim that Luxul, a much bigger outfit than they are, is simply harassing and bullying them with irksome and unnecessary discovery. Luxul retorts that defendants are being shifty and are holding back what it needs to prove its case and defend against the counterclaim. All this lawyer talk fails to persuade the court either way. The court needs a better presentation of the facts.

Accordingly, the court issues this interim order:[1]

1. No later than 9:00 AM on Monday, January 25, Luxul will lodge with chambers and serve on defendants a representative sample of the deficient e-mails, each marked or highlighted in such a way that the court can understand what it is. Simultaneously, file a declaration giving the total number of e-mails with missing lines or attachments. Also, explain precisely why the metadata is important and whether that information could be limited to certain, specific e-mails or whether it is necessary for all of them. Finally, if it is the case, explain how and why the e-mail production was not in reasonably usable form.

2. No later than 4:00 PM on Wednesday, January 27, defendants, at their option, may file a reply to the plaintiff's submissions of January 25. In addition, they will file a declaration(s) explaining in detail the search protocol, including all search terms, any predictive coding used, or the like. Tell why this search approach was used rather than some other. Were lines or attachments eliminated from the production? Was metadata produced? If not, why not? Once responsive e-mails were identified, describe each step then taken to produce them. Why not native format? Were they produced in electronic form (if so, describe), or on paper? Finally, confirm you have produced all responsive documents, and if any were withheld on the basis of some objection, identify the documents and the objection.

---

[1] This discovery dispute festered for many months, but only now---on the eve of the close of discovery---is it brought to the court for (presumably) its immediate attention. Thus, the compressed briefing and hearing schedule that now follows.

3. At 3:00 PM on Friday, January 29, the court will hold a telephone conference call with lead counsel to discuss this matter further. The parties should arrange the conference through Court Call at 866-582-6878 at least 24 hours in advance.

SO ORDERED.

Dated:   January 20, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:14-cv-03656-LHK Notice has been electronically mailed to:

James Thomas Erickson     jim@mlnariklaw.com, john@mlnariklaw.com, mlnariklawecfnoticescanb@gmail.com

Jamie Duitz Quient     jamie.quient@procopio.com, mlf@procopio.com

John Louis Mlnarik     john@mlnariklaw.com, mlnariklawecfnoticescanb@gmail.com

Kyle Geoffrey Bates     kbates@schneiderwallace.com, mail@schneiderwallace.com

Melinda Mae Morton     mindy.morton@procopio.com, calendaring@procopio.com, gail.poulos@procopio.com

Michael C McKay     mmckay@schneiderwallace.com

Nina C Decker     nina@mlnariklaw.com

Robert H. Sloss     robert.sloss@procopio.com, calendaring@procopio.com, gail.poulos@procopio.com

Todd Michael Schneider     tschneider@schneiderwallace.com, efilings@schneiderwallace.com