1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12    LUXUL TECHNOLOGY INC.,                   Case No.  5:14-cv-03656-LHK (HRL)

13              Plaintiff,

14        v.                                   **ORDER RE DISCOVERY DISPUTE
                                               JOINT REPORT NO. 1**
15    NECTARLUX, LLC; New York limited
      liability company; JKENNEY               Re: Dkt. No. 73
16    CONSULTING, INC., a Florida corporation;
      and JAMES KEENEY, an individual,

17              Defendants.

18          In Discovery Dispute Joint Report # 1, plaintiff Luxul Technology, Inc. ("Luxul") seeks an

19    order compelling Nectarlux, LLC, JKeeney Consulting Inc., and James Keeney (collectively,

20    "defendants") to provide better copies of e-mails produced in response to plaintiff's requests for

21    production of documents.  In response to the court's Interim Order, the parties made additional

22    submissions.  Finally, a telephonic hearing was held on January 29th, and at its conclusion the

23    court orally announced its tentative decision.  It now formally adopts that decision.

24          Defendants produced its responsive e-mails electronically in PDF (Portable Document

25    Format) format.  This was not their native format.  There was no metadata.  Many attachments

26    were stripped from the e-mails that had attachments.  Plaintiff claimed that the production was not

27    reasonably usable, and it certainly did not comply with the specific language in the document

28

United States District Court
Northern District of California

1    requests asking for both native format and metadata.

2        Defendants said they only stripped attachments that were produced elsewhere, but some

3    attachments were not identified in the e-mail by a file name, so it could be anyone's guess which

4    document that attachment actually was, even if it had been produced somewhere else. Defendants

5    tried to excuse the other shortcomings in their e-mail production by saying that all their e-mails

6    were on a Mac computer, that their IT consultant told them that "normal" search software does not

7    work on a Mac, that it would be necessary to purchase and install special software to identify and

8    extract responsive e-mails, and that the resulting copies of the e-mails would be in PDF format.

9    No native format.  No metadata.  So that's what defendants did.

10        While that explanation might accurately explain the difficulty of searching for responsive

11    e-mails on a Mac computer, it does not excuse defendants from not using an alternate, readily

12    available, simple way to make a proper search for responsive e-mails.  As plaintiff's counsel

13    pointed out to defendants long before this dispute reached the court, all of defendants' e-mails are

14    hosted by GoDaddy in the Cloud.  (This is obvious because the GoDaddy logo and interface

15    appears on one or more of the e-mails.)

16        At the hearing on this matter, defense counsel acknowledged that the e-mails were hosted

17    by GoDaddy in the Cloud, but he did not know it (nor, apparently, did his IT consultant) until

18    plaintiff's counsel brought it to his attention after the PDF versions of the e-mails were produced.

19    He also admitted that downloading the e-mails from the Cloud would allow production in native

20    format and with metadata.

21        Armed with the knowledge of a better way to produce the Mac e-mails, why did not

22    defendants actually do it?  Defendants argued it was unnecessary, unduly time consuming, and

23    prohibitively costly.  Plaintiff argued much more persuasively that it was actually a very simple,

24    quick procedure.  Defendants offered to produce in native format and with metadata any e-mail

25    that plaintiff specifically identified as being of interest.  That would unfairly shift the burden of

26    making a proper document production from the defendants (whose burden it is) to the plaintiff.

27        Accordingly, defendants shall download from the Cloud and produce electronically all

28    responsive e-mails, with all attachments, in native format, with metadata.  If, perchance, there are

United States District Court
Northern District of California

2

1    some e-mails not in the Cloud, defendants shall produce them, with attachments, in PDF or TIFF

2    format, with metadata.  The production shall be completed by February 11, 2016.

3             SO ORDERED.

4    Dated:   February 3, 2016

5

6    _____

7    HOWARD R. LLOYD
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   5:14-cv-03656-LHK Notice has been electronically mailed to:

2   Jamie Duitz Quient      jamie.quient@procopio.com, mlf@procopio.com

3   John Louis Mlnarik     john@mlnariklaw.com, mlnariklawecfnoticescanb@gmail.com

4

5   Kyle Geoffrey Bates      kbates@schneiderwallace.com, mail@schneiderwallace.com

6   Melinda Mae Morton      mindy.morton@procopio.com, calendaring@procopio.com,
    gail.poulos@procopio.com

7

8   Michael C McKay      mmckay@schneiderwallace.com

9   Nina C. Decker      nina@mlnariklaw.com

10  Robert H. Sloss      robert.sloss@procopio.com, calendaring@procopio.com,
    gail.poulos@procopio.com

11

12  Todd Michael Schneider      tschneider@schneiderwallace.com, efilings@schneiderwallace.com

13  William Wallace Winters      William@mlnariklaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4